UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] Defendant Uber Technologies, Inc. ("Uber") opposes the motion.[2] For the following reasons, the Court denies the motion.

### I.    BACKGROUND

Plaintiff Sharon Hughes filed this personal injury action in Louisiana state court on May 23, 2023.[3] According to plaintiff, she was injured while attempting to enter a car operated by defendant Briana Gordon, a citizen of Louisiana.[4] Gordon, who worked as a driver for Uber, hit the accelerator while plaintiff had only one leg inside the car, knocking her to the ground.[5]

---

[1]    R. Doc. 7.
[2]    R. Doc. 16.
[3]    R. Doc. 5-1.
[4]    *Id.* at 3.
[5]    *Id.*

Plaintiff further alleges that Gordon ran her over with the car when she drove away.[6]  In addition to Gordon and Uber, plaintiff named as defendants Rasier, LLC ("Rasier"), United Financial Casualty Company ("United Financial"), and GEICO Indemnity Company ("GEICO").[7]

On May 25, 2023, Uber removed the action to this Court on the basis of diversity jurisdiction.[8]  At the time of removal, defendant Gordon had not been served.[9]  Plaintiff now moves to remand the action.[10]  She does not contest the diversity of the parties or the amount in controversy; rather, plaintiff argues that Uber improperly removed the action using "snap removal" to circumvent the forum-defendant rule under 28 U.S.C. § 1441(b)(2) before any defendant had been served.[11]  In opposition, Uber contends that it could remove to federal court under Fifth Circuit precedent because Gordon, a citizen of the forum state, had not yet been served with process in the state court proceeding.[12]

---

6      *Id.*
7      R. Doc. 32.
8      R. Doc. 1.
9      *Id.* at 3-4.
10     R. Doc. 7.
11     R. Doc. 7-1.
12     R. Doc. 16.

## II. LAW AND ANALYSIS

### A. Jurisdictional Requirements

Before the Court may consider whether Uber's snap removal of the action was procedurally proper under the forum-defendant rule, it must determine whether complete diversity exists among all named parties. *See In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022); *see also N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13] 28 U.S.C. § 1332(a)-(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

---

[13] Uber's notice of removal states that the $75,000 amount-in-controversy requirement is satisfied based on plaintiff's medical and billing records. R. Doc. 1 at 4-5. Plaintiff admits in her remand motion that "[b]ased on the medical records to date, the jurisdictional amount of $75,000 would appear to be met in this case." R. Doc. 7-1 at 14 n.8. Therefore, the sole jurisdictional issue before the Court is whether complete diversity exists.

3

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed.").

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) ("[A]ny doubt about the propriety of removal musts be resolved in favor of remand."). Though the Court must remand the case if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

"[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before

4

proceeding to the merits of the case." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity. *See Getty Oil*, 841 F.2d at 1259 ("[The Fifth Circuit has] stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)) (emphasis in original)). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business; for a[] [limited liability company (LLC)], it is that of any state where its members reside." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

Here, plaintiff's complaint states that she is domiciled in Mississippi,[14] making her a citizen of Mississippi for diversity purposes. Thus, for complete diversity to exist, no defendant may be a citizen of Mississippi. Uber, as the

---

[14] R. Doc. 5-1 at 2.

removing party asserting federal jurisdiction, bears the burden to demonstrate complete diversity. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

Uber's notice of removal states that it is a Delaware corporation with its principal place of business in San Francisco, California, making it a citizen of both Delaware and California.[15] *See* 28 U.S.C. § 1332(c)(1). The notice further states that Rasier is a Delaware LLC, the sole member of which is Uber.[16] Because "the citizenship of a LLC is determined by the citizenship of all its members," *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted), Rasier is also a citizen of Delaware and California.

As to United Financial, Uber asserts that it is an Ohio corporation with its principal place of business in Ohio, making it a citizen of that state.[17] *See* 28 U.S.C. § 1332(c)(1). Uber further asserts that GEICO is a Maryland

---

[15] R. Doc. 1 at 3. Uber submitted documentation from the Louisiana Secretary of State in support of its citizenship. R. Doc. 18-3.
[16] *Id.* Uber submits the affidavit of Peter Sauerwein, Senior Manager of Corporate Business Operations for Uber, who attests that Rasier is a wholly owned subsidiary of Uber and that Uber is its sole member. R. Doc. 18-1.
[17] R. Doc. 1 at 3.

corporation with its principal place of business in Maryland.[18]  Louisiana Department of Insurance documentation submitted by Uber lists GEICO's domicile as Nebraska and Chevy Chase, Maryland.[19]  GEICO is therefore a citizen of Maryland and Nebraska for diversity purposes.  *See id.*

Because no named defendant is a citizen of Mississippi, there is complete diversity between the parties.  Jurisdiction is thus satisfied under 28 U.S.C. § 1332.

### B.   Procedural Requirements

Plaintiff contends that removal in this case is procedurally improper under 28 U.S.C. § 1441(b)(2), otherwise known as the "forum-defendant rule," because defendant Gordon is a citizen of Louisiana.  The forum-defendant rule serves as an additional statutory limitation on removal, barring removal when there is a "properly joined and served" defendant who "is a citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b)(2); *see also Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that the forum-defendant rule "is a procedural rule and not a jurisdictional one" (citing *In re 1994 Exxon Chem. Fire*, 558

---

[18]   R. Doc. 18 ¶ 6.
[19]   R. Doc. 18-5.

F.3d 378, 392-93 (5th Cir. 2009))). A widely recognized exception to the forum-defendant rule is snap removal: a procedural device in which the action is removed to federal court before the plaintiff properly joins and serves a defendant who is a citizen of the forum state. *See Tex. Brine*, 955 F.3d at 485 ("The jargon for removal prior to service on all defendants is 'snap removal.'") The use of snap removal by non-forum defendants is well settled in Fifth Circuit jurisprudence. In *Texas Brine Company, L.L.C. v. American Arbitration Association Incorporated*, the Fifth Circuit, considering snap removal for the first time, held that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id*. at 487. In that case, the court found that the "forum-defendant rule's procedural barrier to removal was irrelevant because the only defendant 'properly joined and served,' the [removing defendant], was not a citizen of Louisiana, the forum state." *Id*. at 486 (citing § 1441(b)(2)). Thus, removal of the action was permissible under the plain language of § 1441(b)(2), because the parties were completely diverse, and no forum defendants had been served at the time of removal. *Id.* at 486-87; *see also id*. at 486 (relying on *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding § 1441(b)(2) inapplicable until home-state

8

defendant was served and finding that, until then, the state court lawsuit was removable, as long as the federal district court could assume jurisdiction)).

Since the *Texas Brine* ruling, courts in this Circuit have consistently upheld a defendant's use of snap removal to foreclose application of the forum-defendant rule. *See, e.g.*, *In re Levy*, 52 F.4th at 247-48 (affirming the use of snap removal when parties are completely diverse under *Texas Brine*); *Chastain v. New Orleans Paddlewheels, Inc.*, No. 21-1581, 2021 WL 557844, at *4-5 (E.D. La. Nov. 30, 2021) (holding that removal was proper when forum defendant was not properly joined or served); *Henry v. Clarkson*, No. 20-2628, 2020 WL 7245065, at *1 (E.D. La. Dec. 9, 2020) (same); *Ellis v. Miss. Farm Bureau Cas. Ins. Co.*, No. 20-1012, 2020 WL 2466247, at *4 (E.D. La. May 13, 2020) (same); *Jones v. Caterpiller, Inc.*, No. 20-351, 2020 WL 5650417, at *3 (M.D. La. Aug. 18, 2020) (same).

Here, Uber—a non-forum defendant—removed the case before Gordon—a forum defendant—was properly served. Under clear Fifth Circuit precedent, Uber's snap removal of the matter was procedurally proper. *See Tex. Brine*, 955 F.3d at 485, 487. Nevertheless, plaintiff urges the Court to consider a line of cases from district courts in other circuits rejecting a non-forum defendant's use of snap removal. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*, No. 21-cv-0388, 2022 WL 17977000, at *2-4

(D. Nev. Dec. 27, 2022) (holding that the "removal statute's purpose is better fostered by precluding removal until at least one defendant has been served"); *Sandler v. R.J. Reynolds Tobacco Co.,* No. 22-CV-10379, 2022 WL 17417623, at *1 (D. Mass. Dec. 5, 2022) (same and collecting First Circuit cases); *D'Ovidio v. Royal Caribbean Cruises, Ltd.,* No. 22-21629-CIV, 2022 WL 16798446, at *4 (S.D. Fla. Nov. 8, 2022) (finding that remand was proper when the forum defendant removed a case before service after receiving advanced notice of the complaint). While these cases highlight a divide among federal district courts on the issue, this Court is bound by the Fifth Circuit's decision in *Texas Brine*, irrespective of out-of-circuit district court decisions to the contrary.

    Accordingly, Uber's removal of this case was proper.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this ⎯⎯13th⎯⎯ day of September, 2023.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE