UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant GEICO Indemnity Company's unopposed motion for summary judgment.[1]  For the following reasons, the Court grants the motion.

## I.   BACKGROUND

Plaintiff Sharon Hughes brought this personal injury action, alleging that she was injured while attempting to enter a vehicle operated by defendant Briana Gordon.[2]   Gordon worked as a driver for Uber Technologies, Inc. ("Uber") and was dispatched by Uber to pick up plaintiff and another passenger.[3]  Gordon allegedly hit the vehicle's accelerator while

---

[1]   R. Doc. 48.
[2]   R. Doc. 5-1 at 3.
[3]   *Id.*

plaintiff had only one leg inside the car, knocking plaintiff to the ground.[4]

Plaintiff further alleges that Gordon ran her over with the car when she drove

away.[5]   In addition to Gordon and Uber, plaintiff named as defendants

Rasier, LLC ("Rasier"), United Financial Casualty Company ("United

Financial"), and GEICO Indemnity Company ("GEICO").[6]   As to GEICO,

plaintiff alleges that it insured Gordon under one or more policies of public

motor vehicle liability insurance.[7]   Plaintiff therefore asserts that GEICO is

liable for damages *in solido* with the other defendants under Louisiana law.[8]

GEICO now moves for summary judgment declaring that the insurance

policy at issue affords no coverage for the alleged incident.[9]   Plaintiff does

not oppose the motion.   For the following reasons, the Court grants GEICO's

motion.


II.   **LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to

---

[4]      *Id.*
[5]      *Id.*
[6]      R. Doc. 32.
[7]      *Id.* at 3.
[8]      *Id.*
[9]      R. Doc. 48.

judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  All reasonable inferences must be drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)).  "No genuine dispute of fact exists if the

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for

resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *See Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). If the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Id.* In determining whether the movant has met its burden, the Court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).

## III.   DISCUSSION

It is undisputed that the insurance policy issued by GEICO that covered plaintiff at the time of the incident excluded coverage while the vehicle was used for ride-sharing activities.[10]   Indeed, the language in the insurance policy is clear: "there is no coverage for vehicle while being use for ***ride-sharing***."[11]   The Court must enforce this agreement as written.   *See Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 1996) ("If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written." (citation omitted)); *see also id.* ("Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy.").

It is also undisputed that Gordon, the insured, was operating the vehicle for ride-sharing purposes at the time of the incident at issue.[12] Plaintiff alleges that she contacted Uber to obtain transportation, and that Uber dispatched Gordon to pick her up.[13] Under the policy, Uber qualifies as

---

[10]     *See* R. Doc. 48-3 ¶ 3; R. Doc. 48-2 at 8-10.
[11]     R. Doc. 48-2 at 10.
[12]     R. Doc. 48-3 ¶¶ 2-3.
[13]     R. Doc. 1-1 ¶¶ 3-4.

a "transportation network company,"[14] and Gordon's activities at the time of the incident qualify as "ride-sharing."[15]  The insurance policy thus affords no coverage for the vehicle during the incident.

Accordingly, the Court finds that there is no genuine issue of material fact.  Because plaintiff's claim against GEICO is not covered by GEICO's insurance policy, GEICO is entitled to summary judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiff's claim against GEICO Indemnity Company is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __11th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14]   The policy defines a "transportation network company" as one that facilitates and/or provides "transportation services using a computer or digital application or platform to connect or match passengers with drivers for compensation or a fee."  R. Doc. 48-2 at 9.  Uber itself recognizes that plaintiff used the digital Rider App to connect with Gordon as her driver for transportation services. *See* R. Doc. 50-1 at 14.

[15]   "Ride-sharing" as defined by the contract includes an insured's use of any vehicle "in connection with a transportation network company" . . . "including while on route to pick up passenger(s) and while transporting passenger(s)."  R. Doc. 48-2 at 8.