UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant United Financial Casualty Company's ("United Financial") unopposed motion to dismiss.[1] For the following reasons, the Court denies the motion as moot.

## I.  BACKGROUND

Plaintiff Sharon Hughes brought this personal injury action in Louisiana state court, alleging that she was injured while attempting to enter a vehicle operated by defendant Briana Gordon.[2] On December 21, 2022, plaintiff's daughter, Alisha Hughes, contacted Uber Technologies, Inc. ("Uber") to request a ride for her and plaintiff.[3] Uber dispatched Gordon to pick up the two women from the Marriott Hotel on Canal Street in New

---

[1] R. Doc. 60.
[2] R. Doc. 1-1.
[3] *Id.* ¶ 3.

Orleans, Louisiana.[4] When Gordon arrived, she allegedly hit the vehicle's accelerator while plaintiff had only one leg inside the car, knocking plaintiff to the ground.[5] Plaintiff further alleges that Gordon ran her over with the car when she drove away.[6] Plaintiff named as defendants Gordon, Uber, Rasier LLC,[7] United Financial, and GEICO Indemnity Company.[8]

Plaintiff's state court petition contained only one allegation as to United Financial.[9] Specifically, paragraph 10 of the petition originally read, "RASIER, LLC and/or UBER TECHNOLOGIES, INC. provided uninsured/underinsured motorist coverage for BRIANA E. GORDON through UNITED FINANCIAL CASUALTY COMPANY, who had in full force and effect a policy of insurance that provided coverage for the injuries sustained by Plaintiff, SHARON HUGHES."[10] Plaintiff therefore alleged that United Financial was liable for plaintiff's damages by virtue of its contractual obligations to provide uninsured/underinsured motorist ("UM") coverage.[11]

---

4   *Id.* ¶¶ 3-4.
5   *Id.* ¶ 5.
6   *Id.*
7   The Court granted Uber and Rasier's motion to compel arbitration, and stayed the action as to plaintiff's claims against Uber and Rasier.
8   R. Doc. 32. The Court granted GEICO's motion for summary judgment on December 11, 2023, dismissing GEICO from the action with prejudice. R. Doc. 52.
9   R. Doc. 1-1 ¶ 10.
10  *Id.*
11  *Id.*

2

Uber removed the action,[12] and United Financial then filed its answer to the state court petition, denying the allegations contained in paragraph 10 of the petition.[13] United Financial recognized that it provided insurance coverage to Rasier under policy number 06261364, but it denied that there was UM coverage under the policy due to a valid and enforceable UM rejection form.[14] United Financial further asserted that the vehicle alleged to have been operated by Gordon and involved in the accident did not meet the definition of an "uninsured auto" under the UM coverage portion of Rasier's insurance policy, because the vehicle was "owned by, furnished to, or available for the regular use of the [transportation network company] driver," and because the vehicle was "afforded Liability to Other Coverage pursuant" to the insurance policy.[15]

On October 11, 2023, plaintiff filed a second amended complaint, which altered paragraph 10 of the original petition to read, "UNITED FINANCIAL CASUALTY COMPANY provided liability insurance coverage for BRIANA E. GORDON, who had in full force and effect a policy of insurance that provided coverage for the injuries sustained by Plaintiff,

---

12   R. Doc. 1.
13   R. Doc. 19.
14   *Id.* at 3-4.
15   *Id.*

3

SHARON HUGHES."[16] The amended paragraph 10 realleged that United Financial is liable for damages based upon its insurance contract.[17] In its answer to the amended complaint, United Financial again admitted that it issued a policy of insurance, but it denied "any and all connotations of liability or coverage" alleged in the amended paragraph 10.[18]

United Financial now moves to dismiss plaintiff's claims against it as an alleged UM insurer under Federal Rule of Civil Procedure 12(b)(6).[19] United Financial contends that the amended paragraph 10 removed all allegations against it as the UM insurer, instead alleging only that United Financial is liable in its capacity as Gordon's liability insurer.[20] Based on the second amended complaint, United Financial contends that there are no remaining claims against it as the UM insurer, and, thus, plaintiff has failed to state a claim against United Financial as the alleged UM insurer.[21] United Financial therefore seeks dismissal with prejudice of all claims against it as the alleged UM insurer. Plaintiff did not file an opposition to the motion.

The Court considers the motion below.

---

[16] R. Doc. 45 at 2.
[17] *Id.*
[18] R. Doc. 67 ¶ 3; R. Doc. 51.
[19] R. Doc. 60.
[20] R. Doc. 60-1.
[21] *Id.*

4

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v.*

5

*Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

**III.   DISCUSSION**

As amended, paragraph 10 no longer refers to Rasier and Uber as holders of the insurance policy issued by United Financial, and it removes the allegation that United Financial provided UM coverage under the policy.[22]  Instead, plaintiff alleges that United Financial issued liability insurance covering Gordon, which affords coverage for plaintiff's injuries.[23] Based upon the elimination of any claim against United Financial as the alleged UM insurer, United Financial contends that plaintiff has failed to plausibly allege facts that establish United Financial's liability as UM insurer. Fed. R. Civ. P. 12(b)(6).  In essence, United Financial seeks to dismiss with prejudice claims that are no longer asserted in the amended complaint.

The Court will not consider the sufficiency of claims not raised in the pleadings.  *See George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) ("[A] Rule 12(b)(6) motion tests the sufficiency *of the pleadings*." (emphasis added)); *Byrne v. City of New York*, 736 F. App'x 263, 266 (2d Cir. 2018)

---

[22]   R. Doc. 45 ¶ 3; R. Doc. 1-1 ¶ 10.
[23]   R. Doc. 45 ¶ 3.

6

("[W]e do not consider on a motion to dismiss claims not asserted in the pleadings."); *Robinson v. Hunt County*, 921 F.3d 440, 446 (5th Cir. 2019) ("A district court considering a motion to dismiss is not obligated to imagine potential claims that a plaintiff has not raised."). Since plaintiff does not assert claims against United Financial as UM insurer in her second amended complaint, there are no UM insurance claims against United Financial to dismiss. Thus, United Financial's motion to dismiss these claims must be denied as moot. *See Lumar v. Monsanto Co.*, No. 17-13373, 2018 WL 3458388, at *2, 6 (E.D. La. July 18, 2018) (denying as moot defendant's motion to dismiss with respect to claims that were withdrawn and abandoned by plaintiff in his amended complaint); *Morgan v. Plano Indep. Sch. Dist.*, No. 404CV447, 2007 WL 1030633, at *3 (E.D. Tex. Mar. 22, 2007) (same); *Jackson v. Fed. Rsrv. Bank of Kan. City*, No. 09-00005, 2009 WL 10672239, at *1 (W.D. Mo. Sept. 18, 2009) (same); *Grehan v. Am. Holiday Van Lines, Inc.*, No. 05-CV-138, 2005 WL 1242061, at *2 (E.D. Tenn. May 25, 2005) (same); *see also Capnord v. Fred's*, No. 15-CV-168, 2017 WL 1496237, at *5 (N.D. Miss. Apr. 26, 2017) (holding that when a defendant seeks dismissal of a claim that is not pled, "the proper course is to deny the motion as moot" (citations omitted)); *Diaz v. Superior Energy Servs., LLC*, No. 07-2805, 2008 WL 3077071, at *16 (E.D. La. Aug. 4, 2008) (dismissing

as moot motion seeking dismissal of "non-existent" claim); *H-W Tech., L.C. v. Apple, Inc.*, No. 11-cv-651, 2012 WL 959316, at *7 (N.D. Tex. Feb. 23, 2012) (denying as moot motion to dismiss indirect infringement claims when plaintiff did not assert these claims in its complaint).

## IV.  CONCLUSION

For the foregoing reasons, United Financial's motion to dismiss is DENIED AS MOOT.

New Orleans, Louisiana, this ___4th___ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE