UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON HUGHES                                    CIVIL ACTION

VERSUS                                              NO. 23-1775

UBER TECHNOLOGIES, INC. ET AL.          SECTION "R" (4)


## ORDER AND REASONS

Before the Court is the opposed[1] motion to strike witnesses, or alternatively, motion *in limine* to exclude the testimony of Corey Hughes, Amy Hughes, and Taylor Hughes, of defendants United Financial Casualty Company ("United Financial") and Briana Gordon.[2]   For the following reasons, the Court grants the motion to strike.


## I.      BACKGROUND

This case arises from injuries allegedly suffered by plaintiff Sharon Hughes while attempting to enter a vehicle operated by defendant Briana Gordon.[3]   Plaintiff sued Gordon, Uber Technologies, Inc., Rasier, LLC, United Financial, and GEICO Indemnity Company for her injuries.[4]   The

---

[1]      R. Doc. 96.
[2]      R. Doc. 93.
[3]      R. Doc. 1-1.
[4]      *Id.*

Court granted GEICO Indemnity Company's motion for summary judgment dismissing GEICO from the action with prejudice[5] and  Uber and Rasier's motion to compel arbitration and stay proceedings,[6]  but retained jurisdiction over plaintiff's claims against defendants Gordon and United Financial.[7]

On January 3, 2025, plaintiff identified her relatives Cory Hughes, Amy Hughes, and Taylor Hughes as potential witnesses in a supplemental initial disclosure pursuant to Federal Rule of Civil Procedure 26(e).  The disclosure stated that Cory, Amy, and Taylor Hughes would each testify regarding the accident, plaintiff's medical treatment, and plaintiff's accident-related losses.[8]  The supplemental disclosure listed the address of the law firm representing plaintiff in lieu of contact information for the new potential witnesses.[9]  Following the supplemental initial disclosure, defense counsel contacted plaintiff's counsel to schedule depositions of the new witnesses.[10]    Plaintiff's counsel responded that he was available for depositions of the witnesses on January 17, 2025, but that he could not

---

[5]    R.Doc. 52.
[6]    R. Doc. 69.
[7]    R. Doc. 69.
[8]    *See* R. Doc. 93-2.
[9]    R. Doc. 93-3 at 3.
[10]    R. Doc. 93-4 at 3.

produce the witnesses for depositions because they were not his clients.[11]
Instead, he directed defendants to notice the depositions and serve each new
witness with a subpoena.[12]  Defense counsel then informed plaintiff's counsel
that the supplemental initial disclosures stated these witnesses should be
contacted "c/o" his law firm and requested that he provide the separate
contact information of the witnesses so defendants could contact them
directly to arrange their depositions.[13]  Plaintiff's counsel did not respond to
defendants' request or their follow-up inquiry on January 8, 2025.[14]  The
deadline for depositions and discovery passed on February 4, 2025.[15]

Defendants now move to prevent Cory Hughes, Amy Hughes, and
Taylor Hughes from testifying.[16]  Defendants argue that the plaintiff failed to
provide the witness information required by Federal Rule of Civil Rule of
Procedure 26(a), and therefore their witness testimony should be excluded
under Federal Rule of Civil Procedure 37.  Defendants additionally argue that
the testimony of these witnesses should be excluded as "cumulative" under
Federal Rule of Evidence 403 because plaintiff has already identified four

---

[11]    *Id.* at 2.
[12]    *Id.*
[13]    *Id.* at 1.
[14]    *Id.*
[15]    R. Doc. 81 at 2.
[16]    R. Doc. 93.

other witnesses to testify to her "before and after" state.[17]  Plaintiff opposes

the motion.[18]  The Court considers the motion below.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to

provide to the other parties "the name and, if known, the address and

telephone of each individual likely to have discoverable information—along

with the subjects of that information—that the disclosing party may use to

support its claims or defenses."  Parties must supplement and correct their

Rule 26(a) disclosures if they learn that "in some material respect the

disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other

parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e).  The

"basic purpose" of Rule 26 is "to prevent prejudice and surprise."  *Joe Hand*

*Promotions v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (citing *Reed*

*v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994)).  Further,

these disclosure requirements operate "to accelerate the exchange of basic

information about the case and to eliminate the paperwork involved in

---

[17]    R. Doc. 93-1 at 2-4.
[18]    R. Doc. 96.

requesting such information."  Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendment).

Decisions interpreting Rule 26(a)(1)(A)(i) make clear that disclosures are inadequate if they do not contain the address and telephone number of identified individuals.  *See, e.g.*, *Worrell v. Houston Can! Acad.*, 424 F. App'x 330, 338 (5th Cir. 2011) (recognizing disclosures that failed "to identify the actual addresses and telephone numbers of the individuals likely to have discoverable information" as "insufficient"); *WasteAway Consulting, LLC v. Env't Waste Sols.*, No. 16-389, 2016 WL 6699141, at *2 (M.D. La. Nov. 14, 2016) (same); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) ("FRCP 26, therefore, requires each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation."); *see also Rodriguez v. Christus Spohn Health Sys. Corp.*, No. 9-95, 2011 WL 13351118, at *2 (S.D. Tex. Oct. 3, 2011) (collecting cases).  Courts have found that the provision of generic contact information, such as that of a corporation or counsel, does not satisfy a party's Rule 26(a) disclosure requirement for identified individuals.  *See, e.g.*, *Lyon v. Bankers Life Cas. Co.*, No. 9-5070, 2011 WL 124629, at *6 (D. S.D. Jan. 14, 2011) ("It is not a good faith response to the obligation of a party under Rule 26(a)(1)(A)(i) to simply identify those 'individuals' as corporate

5

representatives . . . and then to identify their generic address as the address of defense counsel [because doing so would] defeat the automatic disclosure intent of the Rule and impair the ability of the other party to prepare the automatic interrogatories to develop testimony of those potential witnesses."); *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 621-22 (D. Colo. 2008) (holding that employer did not satisfy its Rule 26 obligation when it disclosed employees as potential witnesses, but provided only their business address and work number).

Plaintiff failed to properly disclose Cory, Amy, and Taylor Hughes as supplemental witnesses in accordance with the requirements of Rule 26(a) and (e). Plaintiff did not provide the home address or telephone number of any of the new witnesses in her supplemental initial disclosure. And although plaintiff disclosed that they could be contacted "c/o" plaintiff's counsel, he refused to either arrange their depositions or provide separate contact information by which defendants could notice and serve them, in response to the repeated inquiries of defense counsel. In doing so, plaintiff's counsel prevented defendants from contacting and deposing the supplemental witnesses, frustrating the purpose of Rule 26(a) disclosures. *See Joe Hand*, 544 F. App'x at 446; *see also Rogers v. Bank of Am., N.A.*, No. 13-1333, 2014 WL 4681031, at *6 (D. Kan. Sept. 19, 2014) ("Because

6

Defendant's initial disclosures failed to provide Plaintiff with 'the name and, if known, the address and telephone number' of individuals likely to have discoverable information Defendant may use in defending this case, Plaintiff has been forced to engage in lengthy, significant, and time consuming demands for this information and, ultimately, motion practice to obtain the basic information contemplated under Rule 26(a)(1).").

If a party fails to properly disclose information or a witness in accordance with Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Under the harmless error analysis, a Court considers four factors to determine whether the evidence should be excluded: "(1) the importance of the evidence, (2) the prejudice to the opposing party of including the evidence, (3) the possibility of curing such prejudice by granting a continuance, and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (citing *Tex. A & M Research Fond. V. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

All of the four factors support excluding the testimony of Cory, Amy, and Taylor Hughes. First, their testimony is unimportant and likely duplicative of other witnesses. Plaintiff already disclosed four other

potential witnesses to testify on the same subjects as Cory, Amy, and Taylor Hughes, including two other relatives.[19]  These other witnesses have already been deposed.[20]  Plaintiff does not identify how testimony from the new witnesses would differ from that of the others, much less why it would be "essential to [her] recovery." *CQ, Inc.  v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) (affirming exclusion of "clearly important," but unessential, evidence); *see also Miles v. HSC-Hopson Servs. Co.*, 625 F. App'x 636, 639 (5th Cir. 2015) (affirming the exclusion of witnesses under Rule 37 and finding their testimony unimportant because it was unclear "how it would have differed from the testimony at trial").  Second, defendants have not had an opportunity to depose the supplemental witnesses and therefore would be prejudiced by the inclusion of their testimony at trial.  *See Miles*, 625 F. App'x at 639 (recognizing inability to conduct depositions of additional witnesses as prejudicial); *Abstrax, Inc. v. Dell, Inc.*, No. 7-221, 2009 WL 10677478, at *3 (E.D. Tex. Oct. 7, 2009) ("Allowing [new witnesses to testify] would prejudice [plaintiff] in that they have not had the opportunity to depose either witness to learn the scope of their testimony.").  Third, a continuance will not cure defendants' prejudice, as the Court finds

---

[19]    R. Doc. 93-3 at 2-3.
[20]    R. Doc. 93-1 at 2.

that adequate time was allotted for discovery, and a continuance of discovery is not in the interests of fairness or judicial efficiency. And fourth, plaintiff's explanation for her failure to provide defendant with information to contact Cory Hughes, Taylor Hughes, and Amy Hughes is inadequate. Plaintiff's counsel disclosed that these individuals could be contacted only through his law firm.[21] But when defendants' attorneys asked to depose them, plaintiff's counsel refused to "produce" the new witnesses or provide separate contact information for defendants to notice and serve them, despite repeated requests.[22] The actions of plaintiff's counsel were needlessly obstructive and prevented defendants from taking depositions of the new witnesses before the discovery deadline.

Plaintiff contends that there is no prejudice or surprise to defendants because the new witnesses had been identified as relatives in earlier depositions.[23] This argument is meritless. The mention of Cory, Taylor, and Amy Hughes in depositions did not indicate that plaintiff would rely on their testimony to support her claim,[24] much less provide defendants with the contact information required by Rule 26(a). *See Moore v. BASF Corp.*,

---

[21] R. Doc. 93-3 at 3.
[22] *Id.*
[23] R. Doc. 96 at 2.
[24] R. Docs. 96-1, 96-2, 96-3 & 96-4.

No. 11-1001, 2012 WL 4344583, at *2 (E.D. La. Sept. 21, 2021) ("[W]hile the interrogatory made plaintiffs aware of [the identities of] employees who had been contacted, it did not provide plaintiffs with the information required by Rule 26(a)."); *Paulsen v. State Farm Ins. Co.*, No. 6-9546, 2008 WL 449783, at *3 (E.D. La. Feb. 15, 2008) (holding that a party's awareness of an individual did not translate into knowledge that the person would be used as a witness in granting motion to strike).

The Court therefore finds that the failure to properly disclose Cory, Amy, and Taylor Hughes as witnesses was neither justified nor harmless, warranting the exclusion of their testimony under Rule 37(c). Because the Court strikes the testimony of the supplemental witnesses under Rule 37(c), it does not determine whether their testimony should be excluded as cumulative under Federal Rule of Evidence 403.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to strike the testimony of Cory Hughes, Amy Hughes, and Taylor Hughes. Pursuant to Rule 37(c), the Court will not allow testimony from Cory Hughes, Amy Hughes, or Taylor Hughes to be heard at trial due to plaintiff's failure to comply with Rule 26(a) or (e).

New Orleans, Louisiana, this __3rd__ day of April, 2025.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE