UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC. ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff Sharon Hughes's opposed[1] motion for leave to depose treating physician Dr. Samuel Newell.[2] For the following reasons, the Court grants the motion subject to the limitations below.

## I. BACKGROUND

This case arises from injuries allegedly suffered by plaintiff Sharon Hughes while attempting to enter a vehicle operated by defendant Briana Gordon.[3] Plaintiff sued Gordon, Uber Technologies, Inc., Rasier, LLC, United Financial, and GEICO Indemnity Company for her injuries.[4] The Court granted GEICO Indemnity Company's motion for summary judgment dismissing GEICO from the action with prejudice[5] and Uber and Rasier's

---

[1] R. Doc. 112.
[2] R. Doc. 109.
[3] R. Doc. 1-1.
[4] *Id.*
[5] R.Doc. 52.

motion to compel arbitration and stay proceedings,[6] but retained jurisdiction over plaintiff's claims against defendants Gordon and United Financial.[7]

The deadline for plaintiff's expert disclosures was January 3, 2024, and the deadline for defendant's expert disclosures was January 23, 2025.[8] The deadline for depositions, non-evidentiary pretrial motions, Daubert motions, and witness and exhibit lists was February 4, 2025.[9] The deadline for motions *in limine* was April 1, 2025.[10] The final pretrial conference is scheduled for October 16, 2025, and trial is scheduled to begin on November 3, 2025.[11]

Plaintiff moves for the Court to reopen the deadline for depositions so that Dr. Samuel Newell, her "supervising physician," can be deposed.[12] Plaintiff contends that this deposition is necessary because Jamie Morales, N.P., is no longer Hughes's treating provider and her testimony, provided in January of this year, is now "stale."[13] Defendants oppose plaintiff's motion, asserting that plaintiff has not shown good cause as required by Federal Rule

---

[6] R. Doc. 69.
[7] *Id.*
[8] R. Doc. 81.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 107.
[12] R. Doc. 109.
[13] *Id.* at 2.

of Civil Procedure 16, plaintiff has failed to comply with Federal Rule of Civil Procedure 26, and striking Dr. Newell's testimony is proper under Federal Rule of Civil Procedure 37(c)(1).[14] The Court considers the motion below.

## II. LAW AND ANALYSIS

### A. Good Cause

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)

---

[14] R. Doc. 112.

(quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (internal quotation marks omitted)).

The Court finds that plaintiff has shown good cause to reopen the deadline for the sole purpose of conducting this one deposition. Plaintiff's medical condition is unresolved, and her treatment is ongoing. The original testimony would have been current for trial as it was previously set but is no longer current. Additionally, plaintiff's treating provider has changed in the time between the initial deposition and now, and plaintiff requests this deposition to cover only plaintiff's treatment subsequent to Jamie Morales's departure from the medical practice caring for plaintiff. Accordingly, the Court finds that plaintiff has shown good cause to obtain deposition testimony to cover plaintiff's treatment since Morales's departure.

### B. Disclosure Requirements

Federal Rule of Civil Procedure 26(e) requires parties to supplement and correct their Rule 26(a) disclosures if they learn that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). The "basic purpose" of Rule 26 is "to prevent prejudice and surprise."

4

*Joe Hand Promotions v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (citing *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994)). Further, these disclosure requirements operate "to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendment).

Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure of non-retained expert testimony. While non-retained experts are not required to provide a written report, the party providing the non-retained expert must disclose "the subject matter on which the witness is expected to present evidence" as an expert witness, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments (stating Rule 26(a)(2)(C) applies to witnesses who are "not required to provide a report under Rule 26(a)(2)(B) [but] may both testify as a fact witness and also provide expert testimony").

Plaintiff failed to properly disclose Dr. Newell as a supplemental witness in accordance with the requirements of Rule 26(a) and (e). Plaintiff has not provided a summary of Dr. Newell's expected testimony as required by Rule 26(a)(2)(C)(ii). Plaintiff's statement that Dr. Newell's testimony will

5

cover "Ms. Hughes condition and treatment subsequent to Jamie Morales' departure and her future prognoses" is not enough. "[T]here is little case law addressing the requirements of Rule 26(a)(2)(C)," but district courts interpreting Rule 26(a)(2)(C) have concluded that parties must provide, at a minimum, an "abstract, abridgment, or compendium of the opinion and facts supporting the opinion." *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015) (Africk, J.) (cleaned up). Plaintiff's short statement of Dr. Newell's anticipated testimony does not meet this low bar. *See Mahar v. Nat'l R.R. Passenger Corp.*, No. 20-2994, 2022 WL 1102221, at *4 (E.D. La. Apr. 13, 2022) (deeming insufficient for purposes of Rule 26(a)(2)(C) an expert disclosure that stated that doctors would testify to the plaintiff's diagnoses and treatment based on the plaintiff's medical history and their examination of the plaintiff) (Vitter, J.); *Hooks v. Nationwide Housing Sys., LLC*, No. 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016) (generic statement that witness planned to testify "about facts, data, and symptoms [the witness] observed" did not satisfy Rule 26(a)(2)(C)) (Barbier, J.).

If a party fails to properly disclose information or a witness in accordance with Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a trial, unless the failure was

6

substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Under the harmless error analysis, a Court considers four factors to determine whether the evidence should be excluded: "(1) the importance of the evidence, (2) the prejudice to the opposing party of including the evidence, (3) the possibility of curing such prejudice by granting a continuance, and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

The importance of Dr. Newell's testimony is likely to be high. Plaintiff's treating provider gave testimony over six months ago, on January 16, 2025, and plaintiff has continued treatment since then. Given the relevance of plaintiff's medical condition to this case, updated testimony is likely to be important.

The prejudice to the opposing party is high. Although defendants were aware that plaintiff was receiving continuing treatment for her alleged injuries, plaintiff has not provided defendants necessary information regarding her care under Dr. Newell. Specifically, plaintiff has not given defendants "a summary of the facts and opinions to which [Dr. Newell] is expected to testify," Rule 26(a)(2)(C)(ii), nor plaintiff's medical records from after Jamie Morales left Neurology Consultants of North Mississippi

7

("NCNM"), the medical practice treating plaintiff. To reduce potential prejudice, the Court orders plaintiff to produce all medical records and to provide a Rule 26(a)(2)(C) disclosure for Dr. Newell no later than 7 days from the date of this order.

The Court finds that plaintiff's explanation for her failure to disclose Dr. Newell to favor plaintiff. The departure of plaintiff's treating physician was unexpected, and plaintiff communicated this development to defendants on May 21, 2025. Plaintiff originally planned to use Jamie Morales's testimony as she was plaintiff's treating provider up through the discovery period. The need for a new witness to provide the update on plaintiff's care arose only because of Morales's departure from NCNM.

Finally, continuances of limited deadlines related to this deposition can be granted without moving the trial date.

Accordingly, plaintiff may call Dr. Newell as a witness, subject to the limitations and requirements below.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to depose Dr. Newell and IMPOSES the following conditions: (1) no later than 7 days from the date of the order plaintiff must provide defendants a Rule

8

26(a)(2)(C) expert disclosure statement containing "(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify" for Dr. Newell and all of plaintiff's medical records to date; (2) plaintiff must continue to timely supplement the production of the medical records and must provide a supplementation at least 48 hours before the deposition of Dr. Newell; (3) the deposition is limited to plaintiff's medical condition and treatment subsequent to the departure of Jamie Morales; it is not to cover the entire course of plaintiff's treatment; and (4) the deposition must take place no later than August 22, 2025.

The Court ORDERS any pre-trial motions challenging Dr. Newell's deposition testimony be filed by August 29, 2025; any memoranda in opposition to motions with citations of authorities must be filed by September 5, 2025; and any reply memoranda must be filed by September 12, 2025.

New Orleans, Louisiana, this __4th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE