UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC. ET AL. | SECTION "R" (4) |

**ORDER AND REASONS**

Before the Court is defendants United Financial Casualty Company and Briana Gordon's unopposed motion *in limine* to limit the testimony of Dr. Gabriel Tender to that of a fact witness.[1] For the following reasons, the Court grants the motion.

**I.    BACKGROUND**

This case arises from injuries allegedly suffered by plaintiff Sharon Hughes while attempting to enter a vehicle operated by defendant Briana Gordon.[2] Plaintiff sued Gordon, Uber Technologies, Inc., Rasier, LLC, United Financial, and GEICO Indemnity Company for her injuries.[3] The Court granted GEICO Indemnity Company's motion for summary judgment

---

[1]    R. Doc. 102.
[2]    R. Doc. 1-1.
[3]    *Id.*

dismissing GEICO from the action with prejudice[4] and Uber and Rasier's motion to compel arbitration and stay proceedings,[5] but retained jurisdiction over plaintiff's claims against defendants Gordon and United Financial.[6]

The deadline for plaintiff's expert disclosures was January 3, 2024, and the deadline for defendant's expert disclosures was January 23, 2025.[7] The deadline for depositions, non-evidentiary pretrial motions, Daubert motions, and witness and exhibit lists was February 4, 2025.[8]

Defendants now move the Court to preclude physician Dr. Gabriel Tender from testifying as an expert witness.[9] They argue that plaintiff failed to provide a sufficient expert disclosure statement by this Court's deadline.[10] Plaintiff did not file an opposition.

The Court considers the motion.

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony. Rule 26(a)(2)(C), which governs the

---

4     R.Doc. 52.
5     R. Doc. 69.
6     *Id.*
7     R. Doc. 81.
8     *Id.*
9     R. Doc. 102.
10     *Id.*

disclosure of non-retained expert testimony, requires the party providing the non-retained expert to disclose "the subject matter on which the witness is expected to present evidence" as an expert witness, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments (stating Rule 26(a)(2)(C) applies to witnesses who are "not required to provide a report under Rule 26(a)(2)(B) [but] may both testify as a fact witness and also provide expert testimony").

Plaintiff has not provided a summary of Dr. Tender's expected testimony as required by Rule 26(a)(2)(C)(ii). Although "there is little case law addressing the requirements of Rule 26(a)(2)(C)," district courts interpreting Rule 26(a)(2)(C) have concluded that parties must provide, at a minimum, an "abstract, abridgment, or compendium of the opinion and facts supporting the opinion." *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015) (Africk, J.) (cleaned up). Neither plaintiff's generic statement as to LCMC Health in her supplemental initial disclosures, nor the same generic statement included in the witness list suffices.[11]

---

[11]  The statements read: "Fact and expert witness testimony live and/or via certified medical records of Sharon Hughes' physical and medical conditions, diagnoses, treatment, prognoses, and past and probable future medical care, including the costs of accident-related past and probable future medical care, medical causation between the subject

3

Failure to comply with Rule 26(a) results in mandatory and automatic exclusion under Rule 37(c)(1), unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has provided no grounds for finding this failure justified or harmless. As such, Dr. Tender may offer only lay testimony at trial. Dr. Tender may not testify regarding medical causation, future medical treatment, and future medical expenses.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Dr. Tender may offer only lay testimony at trial.

New Orleans, Louisiana, this   20th   day of October, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

accident and [plaintiff's] post-accident condition and treatment; and any other relevant matter." R. Doc. 102, Exhibit A (supplemental initial disclosures); R. Doc. 91 (plaintiff's witness list).