UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC. ET AL. | SECTION "R" (4) |

**ORDER AND REASONS**

Before the Court is defendants United Financial Casualty Company and Briana Gordon's opposed[1] motion *in limine* to preclude physician Dr. Samuel Newell from testifying as an expert witness due to plaintiff Sharon Hughes' failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C).[2] For the following reasons, the Court grants the motion.

**I.   BACKGROUND**

This case arises from injuries allegedly suffered by plaintiff Sharon Hughes while attempting to enter a vehicle operated by defendant Briana Gordon.[3] Plaintiff sued Gordon, Uber Technologies, Inc., Rasier, LLC, United Financial, and GEICO Indemnity Company for her injuries.[4] The

---

[1]   R. Doc. 118.
[2]   R. Doc. 117.
[3]   R. Doc. 1-1.
[4]   *Id.*

Court granted GEICO Indemnity Company's motion for summary judgment dismissing GEICO from the action with prejudice[5] and Uber and Rasier's motion to compel arbitration and stay proceedings,[6] but retained jurisdiction over plaintiff's claims against defendants Gordon and United Financial.[7]

The deadline for plaintiff's expert disclosures was January 3, 2024, and the deadline for defendant's expert disclosures was January 23, 2025.[8] The deadline for depositions, non-evidentiary pretrial motions, Daubert motions, and witness and exhibit lists was February 4, 2025.[9] On June 2, 2025, plaintiff moved the Court to reopen the deadline for depositions so that Dr. Samuel Newell, her "supervising physician," can be deposed.[10] On August 4, 2025, the Court granted the motion but placed conditions on plaintiff, including that "(1) no later than 7 days from the date of the order plaintiff must provide defendants a Rule 26(a)(2)(C) expert disclosure statement containing '(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which

---

[5] R.Doc. 52.
[6] R. Doc. 69.
[7] *Id.*
[8] R. Doc. 81.
[9] *Id.*
[10] R. Doc. 109.

the witness is expected to testify' for Dr. Newell and all of plaintiff's medical records to date."[11]

Defendants now move the Court to preclude physician Dr. Samuel Newell from testifying as an expert witness.[12] They argue that plaintiff failed to timely provide a Rule 26(a)(2)(C) expert disclosure statement, in direct contravention of this Court's August 4, 2025 Order.[13] Plaintiff opposes the motion, arguing that the failure to provide the required disclosure was justified because plaintiff did not have an appointment with Dr. Newell until August 19, 2025, more than 2-weeks after this Court's order and more than 6 weeks after plaintiff filed her motion seeking to depose him.[14]

The Court considers the motion.

## II.   LAW AND ANALYSIS

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony. Rule 26(a)(2)(C), which governs the disclosure of non-retained expert testimony, requires the party providing the non-retained expert to disclose "the subject matter on which the witness is expected to present evidence" as an expert witness, and "a summary of the

---

[11]   R. Doc. 116.
[12]   R. Doc. 117.
[13]   *Id.*
[14]   R. Doc. 118.

3

facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Rule 26(e) requires parties to supplement and correct their Rule 26(a) disclosures if they learn that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Here, defendants assert, and plaintiff does not contest, that plaintiff failed to provide a satisfactory 26(a)(2)(C)(ii) disclosure within the deadline imposed by this Court's August 4, 2025 Order. In that Order, this Court found that plaintiff failed to properly disclose Dr. Newell as a supplemental witness in accordance with the requirements of Rule 26(a) and (e).[15] Nonetheless, based on this Court's determination that the harmless error factors weighed in favor of allowing plaintiff to depose Dr. Newell, this Court granted plaintiff's motion with specific conditions.[16] Specifically, this Court required plaintiff to "provide a Rule 26(a)(2)(C) disclosure for Dr. Newell no later than 7 days from the date of this order."[17] Plaintiff failed to comply with this straightforward condition.

---

[15]   R. Doc. 116.
[16]   *Id.*
[17]   *Id.*

4

Failure to comply with Rule 26(a) or (e) results in mandatory and automatic exclusion under Rule 37(c)(1), unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). To assess the nature of the omission and determine whether to strike the testimony, Courts consider: (1) the explanation for the failure to timely provide the disclosure; (2) the importance of the proposed testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). The Court finds that plaintiff's failure to comply with this Court's Order is not substantially justified or harmless.

First, plaintiff's justification for failing to follow this Court's order and properly disclose Dr. Newell as an expert is inadequate. Plaintiff contends that she had no appointment scheduled with Dr. Newell until after this Court's deadline. Plaintiff had known for months that the Nurse Practitioner who had been treating her and was previously deposed had left the practice. But plaintiff fails to explain why she did not seek an earlier appointment with Dr. Newell. Plaintiff's explanation for her failure to comply with this Court's order is without merit.

Second, new facts have come to light concerning the importance of the evidence. Plaintiff previously represented to the Court that her treatment

was ongoing since the January 16, 2025 deposition and subsequent departure of her treating Nurse Practitioner. Plaintiff now represents to this Court that her last appointment with her previous Nurse Practitioner was in February 2025, and that she had no appointment scheduled with Dr. Newell, the physician she sought to depose and who she represented was knowledgeable of her care, until August 19, 2025. This severely cuts against the argument that Dr. Newell's testimony is highly important. Additionally, even if the testimony were important, plaintiff has failed to show that the testimony is essential. *See Leggett v. Dolgencorp, LLC*, 2017 WL 4791183, at *2 (E.D. La. Oct. 24, 2017) (finding the second harmless error factor weighed against plaintiff when plaintiff showed that physician testimony was important but not essential).

Third, the prejudice to the opposing party is high. As discussed in this Court's previous order,[18] plaintiff has not provided defendants necessary information regarding Dr. Newell's proposed testimony. This has not changed. Indeed, the prejudice has only increased because of further delays in providing defendants with needed information.

Finally, the Court has already provided a continuance, which plaintiff squandered. And "a continuance would not deter future dilatory behavior,

---

[18]   R. Doc. 116.

6

nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792. Accordingly, this Court will not entertain further discovery continuances.

For the reasons given, plaintiff's failure to follow this Court's order is not harmless or justified. As such, Dr. Newell may testify only as a fact witness. Dr. Newell's testimony must not require "technical and specialized knowledge far beyond the ordinary experience of lay persons" as that is the domain of experts. *Sheppard v. Liberty Mutual Ins. Co.*, 2017 WL 467092, at *2 (E.D. La. Feb. 2, 2017); *see also* S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual § 701.02[7], at 701-17 (9th ed. 2006) (illustrating the difference between lay and expert testimony by a treating physician); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004) (A treating physician provides "expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge.'"); *Chapman v. Proctor & Gamble Distributing, LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014) (quoting *Musser*, 356 F.3d 751 at n.2 in describing when a treating physician provides expert, as opposed to lay, testimony). Dr. Newell may not testify regarding the medical causation, future medical treatment, or future medical expenses of Hughes' alleged injuries. *See Sheppard*, 2017 WL 467092.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Dr. Newell may offer only lay testimony at trial.

New Orleans, Louisiana, this __20th__ day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE