UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON HUGHES | CIVIL ACTION |
| VERSUS | NO. 23-1775 |
| UBER TECHNOLOGIES, INC. ET AL. | SECTION "R" (4) |

**ORDER AND REASONS**

Before the Court is plaintiff Sharon Hughes's motion for reconsideration.[1] Defendants oppose the motion.[2] For the following reasons, the Court grants the motion subject to the conditions imposed below.

**I.   BACKGROUND**

Plaintiff Sharon Hughes brought this suit against defendants for injuries she allegedly sustained while attempting to enter a vehicle operated by defendant Briana Gordon.[3]

Following a preliminary conference, this Court entered a scheduling order for this matter.[4] The deadline for plaintiff's expert disclosures was

---

[1]   R. Doc. 132.
[2]   R. Doc. 134.
[3]   R. Doc. 1-1.
[4]   R. Doc. 81.

January 3, 2025.[5] The scheduling order stated that the deadline "applies to all experts . . . who may be witnesses for [p]laintiff."[6] On April 1, 2025, defendants filed a motion *in limine* to limit the testimony of Dr. Gabriel Tender.[7] On April 2, 2025, the Court informed the parties that the trial would be continued.[8] On April 3, 2025, the Court modified its April 2, 2025 order.[9]

The Court later granted defendants' motion *in limine* and limited the testimony of Dr. Tender to that of a fact witness.[10] Plaintiff now seeks reconsideration of that decision.[11] Defendants oppose plaintiff's motion.[12]

The Court considers the motion.

## II.   LAW AND ANALYSIS

Rule 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory

---

[5]   *Id.*
[6]   *Id.*
[7]   R. Doc. 102.
[8]   R. Doc. 104.
[9]   R. Doc. 106.
[10]  R. Doc. 127.
[11]  R. Doc. 132.
[12]  R. Doc. 134.

2

order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Here, plaintiff urges the Court to reconsider its order limiting the testimony of Dr. Gabriel Tender to that of a fact witness. Plaintiff argues that she did not have the opportunity to respond to defendants' motion *in limine* seeking to limit the testimony of Dr. Tender. This is incorrect. Nevertheless, given the potential importance of Dr. Tender's testimony, the Court reconsiders its earlier order.

This Court's earlier order was based on plaintiff's failure to comply with Rule 26(a)(2)(C), which governs the required disclosures for non-retained experts. The "basic purpose" of Rule 26 is "to prevent prejudice and surprise." *Joe Hand Promotions v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (citing *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994)). These disclosure requirements operate "to accelerate the exchange of basic information about the case and to eliminate the paperwork

involved in requesting such information." Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendment).

While non-retained experts are not required to provide a written report, the party providing the non-retained expert must disclose "the subject matter on which the witness is expected to present evidence" as an expert witness, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendments (stating Rule 26(a)(2)(C) applies to witnesses who are "not required to provide a report under Rule 26(a)(2)(B) [but] may both testify as a fact witness and also provide expert testimony"). Plaintiff has not satisfied this requirement as to Dr. Tender.

Failure to comply with Rule 26(a) results in mandatory and automatic exclusion under Rule 37(c)(1) unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). To assess the nature of the omission and determine whether to strike the testimony, Courts consider: (1) the explanation for the failure to timely provide the disclosure; (2) the importance of the proposed testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Here, plaintiff provides no explanation for the failure to timely provide the disclosure.  However, the importance of Dr. Tender's testimony is likely to be high given the relevance of plaintiff's medical condition to this case.  Dr. Tender was plaintiff's initial treating physician and is likely to possess important information regarding plaintiff's medical condition immediately following the incident.  Prejudice to the opposing party is high as plaintiff still has not provided defendants with information regarding Dr. Tender's proposed testimony.  But this prejudice can be reduced by plaintiff quickly providing a Rule 26(a)(2)(C) disclosure for Dr. Tender and by allowing defendants to conduct a deposition if defendants so desire.  The Court orders plaintiff to provide a Rule 26(a)(2)(C) disclosure for Dr. Tender no later than January 16, 2026.  To prevent prejudice to defendants, defendants will be allowed to depose Dr. Tender if they choose to do so, and discovery will be reopened for this limited purpose.  All other pretrial deadlines remain in place.  The Court will not extend the January 16, 2026 deadline for the Rule 26(a)(2)(C) disclosure.  Plaintiff shall bear all costs associated with any deposition of Dr. Tender.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion subject to the following conditions: (1) no later than January 16, 2026 plaintiff must provide defendants a Rule 26(a)(2)(C) expert disclosure statement containing "(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify" for Dr. Tender; and (2) defendants are allowed to depose Dr. Tender if they choose and discovery will be reopened for this limited purpose. Plaintiff shall bear all costs associated with such deposition. The trial date and all other deadlines remain as scheduled.

New Orleans, Louisiana, this __31st__ day of December, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE